UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IVAN JORDAN,

                                              Plaintiff,

                                              Case # 24-CV-6152-FPG

v.

                                              DECISION AND ORDER

THE STATE OF NEW YORK &
NICOLE BOOTHBY,

                                              Defendants.
_____

## INTRODUCTION

      *Pro se* Plaintiff Ivan Jordan brings this civil rights action against Defendants New York State and Nicole Boothby, a Child Protective Services (CPS) worker. Plaintiff alleges violations of his civil rights under federal law and the United States Constitution as well as his rights guaranteed by Article 5 of the Universal Declaration of Human Rights. ECF No. 1. Defendants move separately to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 7, 9. Plaintiff opposes the motions. ECF No. 11. For the reasons that follow, Defendants' motions are GRANTED, and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

## LEGAL STANDARD

      Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court deciding a motion to dismiss pursuant to Rule 12(b)(6) "must accept as true all of the allegations contained in a complaint." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citing *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

The determination regarding "whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Under this plausibility standard, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "[W]ell-pleaded factual allegations" permit a court to "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Although Plaintiff's factual allegations set forth in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* at 678. If a plaintiff "ha[s] not nudged [his/her] claims across the line from conceivable to plausible, [his/her] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The Second Circuit has recognized that "this plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau*, No. 9:07-cv-0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008) (citing, e.g., *Jacobs v. Mostow*, 271 F. App'x 85, 87 (2d Cir. 2008), and *Boykin v. KeyCorp*, 521 F.3d 202, 215–16 (2d Cir. 2008)). However, the Court remains mindful that a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin*, 521 F.3d at 214. Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to "give the defendant fair notice of what the... claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (additional internal quotation marks omitted).

For purposes of a motion to dismiss, a complaint is deemed to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000). The Court may also review any "documents that plaintiff[ ] either possessed or knew about and upon which [he] relied in bringing the [action]." *Id.* Additionally, a *pro se* plaintiff's response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint so long as it is consistent with the allegations in the complaint. *Planck v. Schenectady Cnty.*, No. 12-cv-0336, 2012 WL 1977972, at *5 (N.D.N.Y. June 1, 2012).

## BACKGROUND

According to the complaint, the events that gave rise to this action took place on July 1, 2023. ECF No. 1 ¶ 6. On that day, around 9:00 AM, Boothby arrived at Plaintiff's home and requested to speak with Roosevelt Pittman. *Id.* She came to the home in response to an anonymous complaint to New York State's child abuse line, in which a caller alleged that Plaintiff's grandson, A.J., was being abused or maltreated by Roosevelt Pittman. *Id.* ¶¶ 6, 11. According to Plaintiff, he explained to Boothby that Roosevelt Pittman would not be able to answer her questions because he was a 92-year-old man suffering from P.T.S.D. *Id.* ¶ 7. Plaintiff claims that after Boothby "set her eyes on Roosevelt Pittman, she then knew that the anonymous caller had filed a false complaint." *Id.* ¶ 8.

Boothby conducted her investigation for CPS and ultimately concluded in her report submitted to the New York SCR database that "the allegations are unsubstantiated" and that "the case is unfounded and closed." ECF No. 2-1 at 1. The report included the information that the anonymous caller gave to the child abuse line, which Plaintiff maintains are damaging and degrading comments. ECF No. 1 ¶ 12. According to Plaintiff, Boothby added his name to the

3

investigation report using words that demonize him, and she used the anonymous caller's false statements to force him to send his grandson back to Fort Worth, Texas. ECF No. 11 ¶ 10; ECF No. 1 ¶¶ 13. Plaintiff wrote letters to the New York State Office of Children and Family Services to request an investigation into the misconduct of the Monroe County Child Protective Services agency, but his request was denied. *Id.* ¶ 14.

On March 11, 2024, Plaintiff brought the instant action in this Court. ECF No. 1. The complaint includes three claims against Defendants Boothby and New York State. The first claim alleges deprivation of constitutional and federal rights in violation of 42 U.S.C. § 1983. *Id.* at 6. The second claim alleges that Defendants conspired to deprive him of his rights in violation of 42 U.S.C. § 1985 and that Defendants violated 42 U.S.C. § 1986 by failing to prevent the alleged conspiracy. *Id.* at 6–7. Finally, the third claim alleges violations of Plaintiff's rights as guaranteed by Article 5 of the Universal Declaration of Human Rights. *Id.* at 7. Plaintiff seeks monetary, declaratory, and injunctive relief. *Id.* at 8–9.

## DISCUSSION

Defendants move separately to dismiss Plaintiff's claims pursuant to Rule 12(b)(6). ECF Nos. 7, 9. The Court discusses each motion below.

**I.   Boothby's Motion to Dismiss**

Boothby has moved to dismiss all three claims for failure to state a claim. ECF No. 7. The Court discusses each claim in turn and concludes that Plaintiff has not sufficiently alleged any claim for relief that is plausible on its face.[1]

---

[1] It is unclear from Plaintiff's complaint whether the claims are brought against Boothby only in her individual capacity or also in her official capacity. However, to bring an official-capacity action, a Plaintiff must show an underlying violation of his federally protected rights. *See Sullivan v. City of N.Y.*, 690 F. App'x. 63, 67 (2d Cir. 2017) (summary order). As the Court concludes that Plaintiff has not alleged a viable deprivation of rights claim, it need not address whether the suit was also brought against Boothby in her official capacity.

4

### a. Claim One: Deprivation Rights in Violation of 42 U.S.C. § 1983

The Court construes Plaintiff's first claim as alleging that Boothby deprived Plaintiff of various constitutional and federal rights in violation of 42 U.S.C. § 1983. For a successful § 1983 claim, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In the present case, the Court concludes that Plaintiff has not sufficiently alleged that Boothby violated his constitutional or federal rights. Because there is no viable claim for a violation of a constitutional or federal right, there can be no claim under § 1983, and Plaintiff's first claim is dismissed. The Court discusses each alleged violation below.

#### i. *Fourteenth Amendment Equal Protection Claim*

Plaintiff alleges that Defendant Boothby violated his right to equal protection under the law as guaranteed by the Fourteenth Amendment. ECF No. 1 ¶ 5. At the motion to dismiss stage, a complaint must at least contain sufficient factual matter, which accepted as true, states "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation and citation omitted). The equal protection clause requires state actors to treat similarly situated people alike. *See Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995). Therefore, for an equal protection claim, a plaintiff must prove purposeful discrimination directed at an identifiable or suspect class. *Id*. If a plaintiff does not allege that he is a member of a specific class, then his claim must be based on one of two theories—selective enforcement or "class of one." *Komondy v. Gioco*, 253 F. Supp. 3d 430, 440 (D. Conn. 2017).

In the instant case, Plaintiff has not alleged any act of purposeful discrimination directed at him on the basis of an identifiable or suspect class. Therefore, his claim must rely on a selective

enforcement or a "class of one" theory. For selective enforcement, to state a claim, a plaintiff must first demonstrate that compared with others similarly situated, he was selectively treated. *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000). Second, he must demonstrate that "such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Id.* Here, Plaintiff has neither alleged that he was treated differently from others similarly situated nor identified any impermissible considerations used as a basis to treat him differently. Consequently, he has not stated a claim that is plausible on its face for a selective enforcement equal protection claim.

For a "class of one" claim, a plaintiff must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Here, Plaintiff has not alleged that he was treated differently from a similarly situated person. He has also failed to allege that there was no rational basis for a difference in treatment. Thus, he has not stated a claim that is plausible on its face for a "class of one" equal protection claim. In sum, even liberally construed, Plaintiff has failed to sufficiently allege a violation of his right to equal protection under the law.

    ii.  ***Fourteenth Amendment Procedural Due Process Claim***

Plaintiff alleges a violation of his procedural due process rights under the Fourteenth Amendment. In this section of his complaint, he cites the lack of a meaningful hearing as the basis for this claim. ECF No. 1 ¶ 5. In his joint response to Defendants' Motions to Dismiss, he appears to clarify that his procedural due process claim is related to New York State's denial of his request for a hearing and investigation into the CPS complaint and report. ECF No. 11 ¶ 15. Because the

alleged violation is only applicable to the state, the Court need not address it as to Defendant Boothby.

### iii.    Fourteenth Amendment Substantive Due Process Claim

As the Court must read Plaintiff's complaint liberally, it construes Plaintiff's claim that Boothby forced him to send his grandson to Texas as an alleged violation of his substantive due process rights under the Fourteenth Amendment. Nevertheless, the Court concludes that Plaintiff has not alleged sufficient facts to support this claim. While a court accepts the factual allegations in a complaint as true when deciding a motion to dismiss, allegations that are no more than legal conclusions "are not entitled to the assumption of truth." *Jackson v. N.Y. State Dep't of Lab.*, 709 F. Supp. 2d 218, 223 (S.D.N.Y. 2010) (quoting *Iqbal*, 556 U.S. at 679). While *pro se* pleadings must be held to a less stringent standard, "even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson*, 709 F. Supp. 2d at 224 (quoting *Twombly*, 550 U.S. at 555). Additionally, the pleadings must contain enough factual allegations to give the defendant fair notice of the grounds upon which the claim is brought. *See Boykin*, 521 F.3d at 214.

In the present case, Plaintiff does not include any factual allegations that explain how Boothby forced him to send his grandson to Texas. He simply states that "Defendant Nicole Boothby, used the anoymous [sic] caller false statements to force plaintiff to send his grandson back to Fort Worth, Texas." ECF No. 1 ¶ 13. This statement is no more than a conclusion and therefore, the Court does not have to accept it as true, even at the motion to dismiss stage. Without specific factual allegations, the claim is purely speculative and does not give Defendant fair notice of the grounds upon which it rests. As such, this allegation is insufficient to allege a constitutional violation.

### iv. *Eighth Amendment Claim*

Plaintiff also alleges that Boothby violated his right to be free from "cruel and unfair treatment" under the Eighth Amendment. The Court construes this as a claim alleging a violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. *See* U.S. Const. amend. VIII. However, the Eighth Amendment's prohibition of cruel and unusual punishment only protects convicted prisoners. *See Smith v. Brown*, 296 F. Supp. 3d 648, 661 (S.D.N.Y. 2017). As Plaintiff has not alleged that he is a convicted prisoner, there can be no violation of his Eighth Amendment rights.

### v. *Other Claims*

Finally, Plaintiff alleges a violation of his "right to be free from being added to a false and misleading complaint," and his right to be "free from defamation of character, slander and libel." ECF No. 1 ¶ 5. The Court construes these statements as attempting to allege a "stigma plus" claim. However, this claim fails because Plaintiff has not sufficiently alleged the elements needed to bring such a claim.

Defamation by a state actor is not a deprivation of "liberty" or "property" within the meaning of the Fourteenth Amendment, unless accompanied by some interest other than mere loss of reputation. *See Paul v. Davis*, 424 U.S. 693, 711 (1976). Thus, to allege a cognizable claim under § 1983 predicated upon an act of defamation, a plaintiff must allege a "stigma plus" claim, that is "a stigmatizing statement plus a deprivation of a tangible interest without due process of law." *Balentine v. Tremblay*, 554 F. App'x. 58, 60 (2d Cir. 2014) (summary order) (internal quotation omitted). To establish such a claim, a plaintiff must allege two elements: "(1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, plus (2) a material state-imposed burden or

state-imposed alteration of the plaintiff's status or rights." *Id.* (quoting *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (internal quotation marks omitted).

Here, even if Plaintiff were able to satisfy the first element of a "stigma plus" claim, he has failed to state a claim because he has not alleged a material state-imposed burden or alternation of his status or rights. Plaintiff's specific factual allegations include that Boothby investigated the caller's false claim, added the caller's damaging and degrading comments to her report, and added Plaintiff's name to the report using words that demonize him. ECF No. 1 ¶¶ 6, 12; ECF No. 11 ¶ 10. These allegations do not involve the deprivation of a tangible interest and therefore do not satisfy the second element of a "stigma plus" claim. Plaintiff also generally alleges that Boothby used the caller's statements to force him to send his grandson to Texas. ECF No. 1 ¶ 13. Liberally construed, Plaintiff could be alleging that the purported defamatory statements in Boothby's report forced him to send his grandson to Texas. However, Boothby's report was filed on July 24, 2023, and states that Plaintiff's grandson left for Texas on July 13, 2023. ECF No. 2-1 at 1. Therefore, any statements in the report could not be the basis for Plaintiff's decision to send his grandson to Texas. As such, Plaintiff has failed to state claim upon which relief can be granted.

    b. **Claim Two: Violations of 42 U.S.C. §§ 1985 & 1986**

Plaintiff's second claim alleges that Boothby and other unknown defendants acted in furtherance of a conspiracy, scheme or plan designed and intended to personally injure Plaintiff and his family and deprive him of rights guaranteed by the Constitution and federal law in violation of 42 U.S.C. § 1985. His second claim also alleges that Defendants had knowledge of the illegal and unconstitutional acts that are the basis for his § 1985 claim and having the power to prevent or aid in the prevention of the commission those acts, neglected and refused to exercise reasonable diligence to prevent them in violation of 42 U.S.C. § 1986.

As discussed below, the Court concludes that Plaintiff has not sufficiently alleged a plausible § 1985 claim. Because he has not alleged a viable § 1985 claim, there can be no claim under § 1986. Therefore, Plaintiff's second claim is dismissed.

### *i.*     *42 U.S.C. § 1985*

Plaintiff's claim under 42 U.S.C. § 1985 is brought under subdivision three of the statute. For a claim under § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.

*Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam) (citing *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828–29 (1983)). Additionally, the conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (internal quotation omitted). Again, at the motion to dismiss stage, a complaint must at least contain sufficient factual matter, which accepted as true, states "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation and citation omitted).

Plaintiff has failed to state a claim that is plausible on its face because he has not provided any factual allegations that a conspiracy motivated by invidious discriminatory animus existed. "A conspiracy is an agreement between two or more individuals where one acts in further of the objection of the conspiracy and each member has knowledge of the nature and scope of the agreement." *Morpurgo v. Inc. Vill. of Sag Harbor*, 697 F. Supp. 2d 309, 339 (E.D.N.Y. 2010), *aff'd*, 417 F. App'x 96 (2d Cir. 2011) (summary order). To allege a conspiracy under § 1985, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered

into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (internal quotation omitted). Further, it is "well settled that claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (internal quotation omitted).

Here, Plaintiff has not provided a sufficient factual basis supporting the allegation that Boothby entered into an agreement with another to deprive him of his rights. He makes a vague allegation that she called the anonymous caller to confirm her suspicions and that she knew that the anonymous caller had filed a false and misleading report in an attempt to force Plaintiff and his family to move. ECF No. 11 ¶ 7. This vague and conclusory allegation is insufficient to survive a motion to dismiss because it does not allege that there was an agreement between the two to deprive Plaintiff of his rights. Even if it were sufficient, Plaintiff would also need to show that the conspiracy was motivated by some racial or otherwise class-based invidious discriminatory animus. *See Mian*, 7 F.3d at 1087. Nowhere in his pleadings does Plaintiff allege that Boothby's actions were motivated by any sort of impermissible animus. Therefore, Plaintiff has failed to state a plausible claim under § 1985.

### ii.   42 U.S.C. § 1986

A claim may be brought under § 1986 against anyone who "having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Id.* at 1088 (internal quotation omitted). Thus, a § 1986 claim must be predicated upon a valid § 1985 claim. *Id.* Because Plaintiff has failed to sufficiently allege a claim under § 1985, no claim can be made under § 1986, and his second claim is dismissed.

### c. Claim Three: Denial of Rights Guaranteed by Article 5 of the Universal Declaration of Human Rights

Plaintiff's third claim alleging a violation of his rights guaranteed by Article 5 of the Universal Declaration of Human Rights is also dismissed. The Universal Declaration of Human Rights is a non-binding United Nations resolution. *See Yang v. Ardizzone*, 540 F. Supp. 3d 372, 378 (W.D.N.Y. 2021), *aff'd sub nom. Yang v. Eastman Sch. of Music*, No. 21-1482-cv, 2022 WL 1040418, at *2 (2d Cir. April 7, 2022) (summary order). Therefore, it "creates no legal obligations or private civil cause of action." *Id.* As such, it cannot be the basis for a claim in federal court, and this claim is dismissed.

## II. New York State's Motion to Dismiss

New York State also moves to dismiss the complaint. It argues that Plaintiff's first and second claims under 42 U.S.C. §§ 1983, 1985, and 1986 are barred by the Eleventh Amendment. The Court agrees and therefore, those claims are dismissed. For the same reasons discussed in Section I, *supra*, Plaintiff's claim against the State of New York under Article 5 of the Universal Declaration of Human Rights is dismissed as well.[2]

### a. Claims One & Two: Violations of 42 U.S.C. §§ 1983, 1985 & 1986

Plaintiff has brought claims under 42 U.S.C. §§ 1983, 1985, and 1986 against the State of New York. ECF No. 1 at 6–7. However, these claims must be dismissed because they are barred by the Eleventh Amendment, which grants states sovereign immunity. *See* U.S. Const. amend. XI. The Eleventh Amendment limits the judicial power of the United States by depriving "a federal court of power to decide certain claims against States that otherwise would be within the scope of

---

[2] New York State also argues that the case should be dismissed due to insufficient service of process by Plaintiff. The Court need not address this argument, as all of the claims against New York State are dismissed on other grounds.

Art. III's grant of jurisdiction." *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 119–20 (1984). "Absent a waiver on the part of the state, or a valid congressional override, the eleventh amendment prohibits federal courts from entertaining suits by private parties against the states." *Farid v. Smith*, 850 F.2d 917, 920–21 (2d Cir. 1988).[3]

As for Plaintiff's § 1983 claim, it is "well-established that New York has not consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity."[4]  *Mamot v. Bd. of Regents*, 367 F. App'x. 191, 192 (2d Cir. 2010) (summary order) (internal and other citations omitted). Additionally, "New York has not waived its immunity or consented to being sued under the Constitution or 42 U.S.C. §§ 1985 or 1986." *Murawski v. N.Y. State Bd. of Elections*, 285 F. Supp. 3d 691, 696 (S.D.N.Y. 2018). Therefore, Plaintiff's claims against New York State under §§ 1983, 1985, and 1986 are barred by the Eleventh Amendment and must be dismissed.

### b. Claim Three:  Denial of Rights Guaranteed by Article 5 of the Universal Declaration of Human Rights

Plaintiff has also alleged that New York State denied his rights as guaranteed by Article 5 of the Universal Declaration of Human Rights. As discussed in Section I, *supra*, the Universal

---

[3] One exception to state sovereign immunity in federal actions is where a plaintiff alleges an ongoing violation of federal law or the Constitution and seeks prospective injunctive relief. *See Ex Parte Young*, 209 U.S. 123 (1908). However, this exception only applies when a plaintiff sues a state official acting in his official capacity. *Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991). Such a suit cannot be brought directly against a state. *Id.* Here, Plaintiff has requested prospective injunction relief, but has not named a proper official in his complaint. Therefore, even though Plaintiff is seeking prospective injunctive relief, the claim is still barred by the Eleventh Amendment. The Court declines to grant leave for Plaintiff to amend his complaint to include the proper state official because, for the reasons stated in Section I, *supra*, Plaintiff has not sufficiently alleged any deprivation of rights that would allow the Court to grant such relief. Thus, further leave to amend would be futile. *See Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000).

[4] Plaintiff also appears to argue that New York State is vicariously liable for Boothby's actions under a theory of *respondeat superior*. However, Boothby is an employee of Monroe County, not the State of New York. Even if she were an employee of the state, vicarious liability is inapplicable to § 1983 actions because a plaintiff must plead that each official's individual actions violated a federal right to state a claim. *See Iqbal*, 556 U.S. at 676.

Declaration of Human Rights is a non-binding United Nations resolution that "creates no legal obligations or private civil cause of action." *Yang*, 540 F. Supp. 3d at 378. As such, it cannot be the basis for a claim in federal court and this claim is also dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss, ECF Nos. 7, 9, are GRANTED.

As for the claims brought against Boothby under federal law, ordinarily, in view of the leniency to be afforded to plaintiffs proceeding *pro se*, the Court provides such plaintiffs an opportunity for leave to amend prior to dismissal. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). However, such leave need not be given if the Court determines that further leave to amend would be futile. Given the nature of Plaintiff's allegations and claims, the Court concludes that "granting leave to amend is unlikely to be productive," *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993), and leave to amend is denied as futile.[5] *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Additionally, as for Plaintiff's other claim against Boothby, the Universal Declaration of Human Rights provides no cause of action in federal court. Accordingly, Plaintiff's complaint as to Boothby is DISMISSED WITH PREJUDICE.

As the federal claims against New York State are barred by the Eleventh Amendment and the Universal Declaration of Human Rights provides no cause of action in federal court, Plaintiff's complaint as to New York State is also DISMISSED WITH PREJUDICE. The Clerk of Court is

---

[5] In his response to Defendants' Motions to Dismiss, Plaintiff specifically requests that the Court grant him leave to amend his complaint to add the anonymous caller as a defendant, once he or she has been identified. ECF No. 11 at 7. The Court also concludes that providing leave to amend Plaintiff's compliant to add the caller's name—if he or she could be identified—would be futile.

14

directed to enter judgment and close this case. Finally, Plaintiff's Request for Production of Documents, ECF No. 13, is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: October 29, 2024

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York